THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHALIB GOULD, Appellant. [644 NYS2d 197]

Contrary to defendant's contention, the police officer's repeated requests to defendant to stop did not constitute a "seizure". Such is supported by evidence that requests were made by the officer while he was still in the patrol car, 10 to 15 feet away, through the front passenger side window, that his gun was not displayed and that he did not make any attempt to restrict defendant's movement by cutting him off (*see, People v Bora*, 83 NY2d 531). Rather, the officer's approach of defendant was an exercise of his common-law right to inquire, based on a suspicion of criminality founded on his observation of defendant and a companion in close spatial and temporal proximity to a double shooting that the officer knew to have occurred in a park; the officer's knowledge that the area in which he saw the two men was a likely exit from the park and that the street on which the two were walking served as an access road to a highway with no stores or shops on it to attract people, and was separated by a fence, with no entrances, from the neighboring housing project; the fact that there were no other people in the vicinity; and the circumstance of defendant's companion precipitously running away as the patrol car slowly approached the men from behind. Defendant was observed sweating and breathing heavily, with his jacket open on a cool night. Then, when defendant moved his hands toward his waistband, the officer, under all the circumstances, had reasonable suspicion to believe that defendant was armed, justifying the forcible detention and frisk (*see, People v Benjamin*, 51 NY2d 267). Concur—Rosenberger, J. P., Wallach, Nardelli and Tom, JJ.